*CITIZENS NATIONAL BANK OF WASHINGTON, PA., v. UNION CENT. LIFE INS. CO. ET AL.

1. DESIGNATION IN JUDGMENT ON PROMISSORY NOTE BY INITIAL LETTERS OF MAKER'S NAME AS IN SIGNATURE, DOES NOT VOID JUDGMENT.

A promissory note is a "written instrument" within the meaning of Sec. 5010 Rev. Stat. the signature of which being by initial letter, authorizes action against parties thereto by name so designated; hence, a note having been merged in a judgment in which the maker is designated in the same manner as upon the note, the judgment becomes an evidence of debt under such name; in any event such judgment is not void in the sense that, in an attachment proceeding on the judgment, it excuses the judgment debtor from making a meritorious defense therein.

2. DEFECTS IN SERVICE BY PUBLICATION NOT AVAILABLE IN ATTACHMENT ON JUDGMENT AGAINST NONRESIDENT DEFENDANT UNLESS DEFENSE TO VACATE IS SET FORTH.

Failure of a nonresident defendant in attachment, which is based on a judgment upon a promissory note, to set forth his defense in his petition to vacate such judgment, as required by Sec. 5358 Rev. Stat., precludes objection to constructive service upon him by publication for defects therein—notice by publication not being process.

3. ISSUING ORDER OF ATTACHMENT BEFORE CONSTRUCTIVE SERVICE ATTEMPTED DOES NOT DEFEAT ATTACHMENT.

An action in attachment is "commenced" within the meaning of Sec. 5032 Rev. Stat., by filing a petition and issuing summons thereon; hence, such requirements having been complied with, an order of attachment will not be set aside as in violation of Sec. 5521 merely upon the ground that the order was issued before, instead of "at or after," constructive service by publication had been attempted.

ERROR to Hamilton common pleas court.

---

*Dismissed by consent, *Union Cent. L. Ins. Co. v. Bank*, 55 Bull. 184.

Bank v. Insurance Co.

**Jones & James,** for plaintiff in error.

**Jos. W. O'Hara,** for defendant in error.

**GIFFEN, J.**

The plaintiff bank in its amended petition sets up a judgment obtained in the state of Pennsylvania against the defendant, W. F. Wright, for $1,343.17, and proceedings in attachment commenced in this county wherein judgment by default was taken against W. F. Wright, and the defendant insurance company was, as garnishee, ordered to pay the amount of the judgment and interest into court, which it failed to do.

The defendant, W. F. Wright, by answer and cross petition with amendment thereto, avers that the court in the attachment suit acquired no jurisdiction of his person nor of the subject-matter, and that the judgment and order therein are null and void because—

1. He was described in the petition by his initials, viz., W. F. Wright.

2. That no affidavit was filed, that the residence of defendant was unknown and could not with reasonable diligence be ascertained. That in fact the residence of defendant was at all times well known to plaintiff.

3. That the order of attachment was issued before service by publication was begun or attempted.

The court dismissed the petition and enjoined further proceedings under the attachment and set aside all orders and judgment thereunder as null and void.

The findings of fact show that the promissory note upon which judgment was rendered in the state of Pennsylvania was signed by the defendant as "W. F. Wright" and the judgment was so entered.

Section 5010 Rev. Stat. provides:

"Parties to a written instrument by initial letter, or a contraction of the name, may be so designated in an action thereon."

The purpose of this section would seem to be to allow the designation of a party by initial letter in an action upon any written instrument which is evidence of the debt or obligation, and in which he is so designated.

The word "instrument" has been defined in law as "the formal expression in writing of some agreement or obligation, or of some act upon which the rights of parties are dependent."

It is true that the note was merged in the judgment, but being sued by name as signed in the note, the judgment was so entered and became

evidence of a debt owing by him under that name. Furthermore, it does not appear from the record that he has any other name, and he himself uses it in his answer and cross petition.

If the statute was not broad enough to cover such a case, still the judgment was not void in the sense that defendant was not required to show a meretorious defense to the action.

The second objection is aimed at the service or attempted service by publication.

In the case of *Paine* v. *Mooreland,* 15 Ohio 435, 444 [45 Am. Dec. 585], it is said:

"Notice by publication is not process, but, in certain cases in contemplation of law, is equivalent to service of process. The process in attachment is the writ authorizing and directing a seizure of the property. No process is issued against the person, because the proceeding is *in rem.* The statute, however, regards it but just that notice should be given to the debtor, not for the purpose of giving the court jurisdiction over the subject-matter, but to permit the debtor to have an opportunity to protect his rights and directs that the writ shall be quashed if it be not given."

As held in that case so in this case the judgment was only voidable.

The most serious objection under this head is the statement of plaintiff that the residence of defendant "is unknown," when it well knew that he resided in Buffalo, N. Y.; but even in such case the defendant must in his petition to vacate the judgment set forth his defense to the action. Section 5358 Rev. Stat.

The third objection is that the attachment was not issued "at or after" the commencement of the action but before. Section 5521 Rev. Stat. The petition had been filed and a summons issued thereon, whereby the action was commenced within the meaning of the attachment law. Section 5032 Rev. Stat.

The defendant was entitled to have the judgment vacated only after showing a good defense. This he probably cannot do, as the court substantially found that he had no defense to the action in Pennsylvania nor the judgment therein.

The judgment will be reversed and the cause remanded for further proceedings according to law.

**Swing** and **Smith, JJ.,** concur.